UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALTERRA EXCESS & SURPLUS**
**INSURANCE COMPANY,**

    Plaintiff/Counter-Defendant,    CIVIL ACTION NO. 13-cv-11672

    v.    DISTRICT JUDGE STEPHEN J. MURPHY, III

**EXCEL TITLE AGENCY, LLC,**    MAGISTRATE JUDGE MONA K. MAJZOUB
**EXCEL ESCROW SERVICES, LLC,**
**JANEL CHIPMAN,**

    Defendants,

    and

**WESTERN AMERICAN PROPERTIES,**
**INC.,**

    Defendant/Counter-Plaintiff.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
## TO PERMIT THE DEPOSITION OF JANEL CHIPMAN
## TO BE TAKEN OUTSIDE OF THE DISCOVERY PERIOD [41]

This matter arises out of an insurance coverage dispute and comes before the Court on Plaintiff Alterra Excess & Surplus Insurance Company's Motion to Permit the Deposition of Janel Chipman to be Taken Outside of the Discovery Period. (Docket no. 41.) Defendant Western American Properties, Inc. (WAP) responded to Plaintiff's Motion. (Docket no. 44.) The Motion has been referred to the undersigned for consideration. (Docket no. 42.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

District Judge Stephen J. Murphy, III entered the original scheduling order in this matter on October 23, 2014, which ordered that discovery be fully completed by February 12, 2015. (Docket no. 33.)  The scheduling order was extended three times, twice by stipulation of the parties and most recently upon Plaintiff's Emergency Motion for Amendment of Scheduling Order.  (Docket nos. 35, 37, 38-40.)  In granting Plaintiff's motion, Judge Murphy noted that the case was already two and a half years old and indicated that no further extensions of the schedule would be considered.  (Docket no. 39.)  The resulting deadline by which discovery was to be fully completed was October 15, 2015.  (Docket no. 40 at 1.)

On October 2, 2015, Plaintiff noticed the deposition of Defendant Janel Chipman for October 8, 2015 at 10:00 a.m.  (Docket no. 41 at 4, 5, 9-14.)  Plaintiff received an email from counsel on October 7, 2015, indicating that Defendant Chipman was in Florida until October 21, 2015, and that any date would be fine with her for a deposition once she returned.  (*Id.* at 5, 16.)  Defendant Chipman's deposition was then scheduled for October 28, 2015, approximately two weeks after the discovery deadline.  (*Id.* at 6.)  Defendant WAP was unwilling to stipulate to the taking of Defendant Chipman's deposition after the close of discovery, and Plaintiff filed the instant Motion.  (Docket no. 44 at 5.)  As relief, Plaintiff requests a court order permitting Plaintiff to take Defendant Chipman's deposition outside of the discovery period.  (Docket no. 41 at 4, 7.)

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent.  Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order.  *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff asserts that good cause exists to amend the scheduling order in this matter because Plaintiff attempted to depose Defendant Chipman within the discovery period, but "due to Ms. Chipman's scheduling conflicts, she was simply unavailable to be deposed until after discovery had concluded." (Docket no. 41 at 6 (emphasis omitted).) Plaintiff also asserts that Defendants would not be prejudiced by allowing Defendant Chipman's deposition to proceed on October 28, 2015, because it would have no effect on the remainder of the scheduling order, as the deposition would be completed before the next relevant date, the dispositive motion deadline of November 16, 2015. (*Id*. at 6-7.)

Defendant WAP counters that good cause does not exist to extend the scheduling order to allow Plaintiff to take Defendant Chipman's deposition outside of the discovery period because Plaintiff was not diligent in securing Defendant Chipman's deposition in the two and one-half years that discovery was open. (Docket no. 44 at 6-7.) Defendant WAP analogizes this matter to *E.E.O.C. v. Chrysler LLC*, No. 07-CV-12986, 2008 WL 2622948 (E.D. Mich. July 2, 2008), in which this Court denied the plaintiff's motion to extend discovery due to a lack of diligence. (Docket no. 44 at 6-7 (citing *E.E.O.C. v. Chrysler LLC*, 2008 WL 2622948, at *7).)

In *E.E.O.C. v. Chrysler LLC*, however, approximately three weeks before the close of discovery, the plaintiff, purportedly on notice that some witnesses were located out of state, noticed the depositions of nine individuals for Memorial Day and subsequently sought a ninety-day extension to travel to Nevada and Texas to complete the depositions and conduct follow-up discovery based on information learned in those depositions. *E.E.O.C. v. Chrysler, LLC*, 2008 WL 2622948, at *5, *7.) Here, Plaintiff properly noticed the deposition of Defendant Chipman under Federal Rule of Civil Procedure 30(b)(1) two weeks before the close of discovery, and

3

Plaintiff is entitled to proceed with the deposition.[1] The fact that the deposition could not be held before discovery closed is through no fault of Plaintiff, and Plaintiff does not seek an unreasonable extension of time to complete the deposition. Accordingly, the Court finds that good cause to allow Plaintiff to take Defendant Chipman's deposition outside of the discovery period exists in this matter and will permit Plaintiff to depose Defendant Chipman at a mutually convenient time and place within twenty-one (21) days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Permit the Deposition of Janel Chipman to be Taken Outside of the Discovery Period [41] is **GRANTED**. Plaintiff may depose Defendant Chipman at a mutually convenient time and place within twenty-one (21) days of this Opinion and Order.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 25, 2016           s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: April 25, 2016           s/ Lisa C. Bartlett
                                Case Manager

---

[1] Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."