UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTERRA EXCESS & SURPLUS
INSURANCE CO.,

    Plaintiff/Counter-Defendant,

v.

EXCEL TITLE AGENCY, LLC, EXCEL
ESCROW SERVICES, LLC, and JANEL
CHIPMAN,

    Defendants,

and

WESTERN AMERICAN PROPERTIES,
INC.,

    Defendant/Counter-Plaintiff.
                                        /

Case No. 2:13-cv-11672

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [68]**

Defendant Western American Properties, Inc. ("WAP") moves the Court to set aside its October 31, 2016 Order Granting Plaintiff Alterra-Excess & Surplus Insurance Company's Motion for Summary Judgment, and the corresponding Judgment dismissing the case with prejudice. The Court ordered a response from Plaintiff.

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). The movant must show (1) a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled"; and (2) that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

When ruling on a motion for summary judgment, the Court is "not obliged to, and indeed should not, rely on the nonmovant's version" of events if the non-movant's allegations amount to "mere allegations" unsupported by factual evidence. *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). In attempting to defeat a motion for summary judgment, a non-moving party must rebut the movant's factual assertions with "facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). Courts need not afford the non-movant "the benefit of reasonable inferences required [] to find a genuine fact issue based on an unsupported hypothetical." *Chappel*, 585 F.3d at 913 (referencing *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). Courts are not to "accept implausible inferences from circumstantial evidence." *Stegall v. Audette*, 212 F. App'x. 402, 404 (6th Cir. 2006) (citations omitted).

WAP presents three factual issues here as "palpable defects" sufficient to justify the exceptional grant of a motion for reconsideration. ECF 68, PgID 1639. First, WAP argues that the Court erred when it relied on the Perley E-Mail because there was no evidence that ETA received it. ECF 68, PgID 1641–42. But that scenario constitutes a factually unsupported hypothetical that Chipman did not check her email. The Court properly discounted inferences arising from the unsupported hypothetical.

Second, WAP asserts that the Court erred when it relied on the Perley E-Mail even though the plain reading of the email "reveals that it confirmed a settlement whereby WAP would accept property from Metro Equity Group, LLC ("MEG") in lieu of a return of any deposit money and there was no evidence regarding ETA's knowledge of the settlement's status before its application was completed on March 22, 2010 because such knowledge

2

would be a precondition in foreseeing whether a future claim was likely[.]" ECF 68, PgID 1639, 1643–46. The record contradicts WAP's assertion. On December 10, 2009, Perley filed a lawsuit against EES, Janel Chipman, and others in the U.S. District Court for the Central District of California. ECF 50-23, PgID 1260. The lawsuit was filed during the period between Perley's demand for payment by October 22, 2009 and ETA's execution of its Alterra insurance policy on March 22, 2010. The escalation to litigation during that period indicated that an amicable resolution of the dispute was not achieved on March 22, 2010. And the Court cannot adopt the inference that the lawsuit did not provide Chipman or ETA with "knowledge of the settlement's status" before executing the insurance policy with Alterra.

Third, WAP contends that the Court erred when it relied on the Perley E-Mail "where the only acts ETA engaged in were two transfers of WAP's funds to Excel Escrow Services, LLC ("EES") (the first on August 18, 2008 and the second on September 10, 2008), which were made at its underwriter's insistence and thereafter ETA took no further action related to WAP or the underlying transaction[.]" ECF 68, PgID 1639, 1646–48. The record shows that similar transactions with similarly situated investors resulted in lawsuits against MEG, EES, ETA, and Chipman in 2008 and 2009. *See* ECF 50-15, 50-20, 50-21. But the inference that past litigation related to similar plaintiffs and similar transactions does not provide a basis for knowing or reasonably foreseeing a future claim is not dispositive.

After considering the arguments, the Court concludes that WAP does not offer a showing of a palpable defect to justify reconsideration of the Court's prior decision.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Reconsideration [68] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 12, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager